# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2022

Lyle W. Cayce
Clerk

No. 19-60808
Summary Calendar

---

Pedro Penaloza-Fuentes, *also known as Jorge Castillo*,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 200 968 217

---

Before Owen, *Chief Judge*, and Dennis and Ho, *Circuit Judges*.

Per Curiam:*

Pedro Penaloza-Fuentes, a native and citizen of Mexico, seeks review of a Board of Immigration Appeals (BIA) decision denying his motion to reconsider or reopen. The petition for review is GRANTED in part, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

this case is hereby REMANDED to the BIA for consideration under *Niz-Chavez v. Garland,* 141 S. Ct. 1474 (2021).

This court reviews the denial of motions to reopen and for reconsideration under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005). The Attorney General has discretion to cancel the removal of "an alien who is inadmissible or deportable from the United States" if the person meets specified criteria. 8 U.S.C. § 1229b(b). To qualify, an alien must have been "physically present in the United States for a continuous period of not less than 10 years." § 1229b(b)(1)(A). The stop-time rule ends the alien's requisite period of physical presence in the United States "when the alien is served a notice to appear under section 1229(a)." § 1229b(d)(1)(A).

A notice to appear (NTA) must contain, inter alia, the time and place at which removal proceedings will be held. § 1229(a)(1)(G)(i). In *Niz-Chavez,* the Supreme Court held that an NTA sufficient to trigger the stop-time rule must be a "single document containing all the information an individual needs to know about his removal hearing" specified in § 1229(a)(1). 141 S. Ct. at 1478. Thus, under *Niz-Chavez,* an NTA sufficient to trigger the stop-time rule must be a single document containing "the nature of the proceedings against the alien, the legal authority for the proceedings, the charges against the alien, the fact that the alien may be represented by counsel, **the time and place at which the proceedings will be held**, and the consequences of failing to appear." *Id.* at 1479 (emphasis added); *see also* 8 U.S.C. § 1229(a)(1).

The Supreme Court rejected the two-step notice procedure for stop-time purposes, stating that Congress contemplated that an NTA would be a single document. *Niz-Chavez,* 141 S. Ct. at 1480. Under *Niz-Chavez,* Penaloza-Fuentes's NTA did not contain the information required to trigger the stop-time rule. Accordingly, this petition for review is remanded to the

No. 19-60808

BIA for consideration under *Niz-Chavez*.  As to Penaloza-Fuentes's claim that the BIA abused its discretion by refusing to remand his case for consideration of his spouse's pending immediate relative I-130 petition, the petition for review is denied.

\*     \*     \*

The petition for review is GRANTED in part and DENIED in part. This matter is hereby REMANDED to the BIA.